IN THE MATTER OF: K.K.
No. COA08-1473
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
J. Suzanne Smith, for petitioner-appellee Buncombe County Department of Social Services.
Jerry W. Miller, for appellee Guardian ad Litem.
Michael E. Casterline for respondent-appellant mother.
STEELMAN, Judge.
Where the trial court failed to enter the required findings of fact as to why placement of the juvenile with relatives was not in the child's best interest before it ordered placement with non-relative foster parents, the order is reversed and this matter remanded for a new hearing.

I. Factual and Procedural Background
In the summer of 2006, respondent gave birth to K.K. On 26 September 2006, the Buncombe County Department of Social Services ("DSS") filed a juvenile petition alleging that K.K. was a neglected juvenile. The trial court awarded nonsecure custody of K.K. to DSS on that date. Following a hearing on 15 November 2006, the trial court adjudicated K.K. as neglected, finding that K.K.did not receive proper care or supervision from his parents and lived in an environment injurious to his welfare. DSS retained custody of K.K. pursuant to a permanent plan of reunification. Following a permanency planning and review hearing on 10 March 2008, the trial court changed the permanent plan to guardianship/adoption. Respondent's maternal uncle and his wife attended this hearing and made the trial court aware of their interest in obtaining placement of K.K. Non-relative foster parents who had been caring for K.K. since September 2007 also made the trial court aware of their interest in obtaining guardianship. The trial court subsequently ordered the parties to participate in mediation. After mediation was unsuccessful, the trial court conducted a permanency planning and review hearing on 22 July 2008 and subsequently entered the order that is the subject of this appeal.

II. Standard of Reveiw
"Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and [whether] the findings support the conclusions of law." In re J.C.S., 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004) (citation omitted). At the permanency planning hearing, "the court shall consider information from the parent, the juvenile, the guardian, any foster parent, relative or pre adoptive parent providing care for the child, the custodian or agency with custody, the guardian ad litem, and any other person or agency which will aid it in the court's review." N.C. Gen. Stat. §7B-907(b) (2007). This evidence may include reports prepared by DSS and the guardian ad litem. See In re Ivey, 156 N.C. App. 398, 402, 576 S.E.2d 386, 390 (2003). However, the trial court's factual findings must be more than a recitation of the evidence presented at the hearing. In re Gleisner, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). The trial court must, "through processes of logical reasoning from the evidentiary facts find the ultimate facts essential to support the conclusions of law." In re Harton, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (quotation omitted).
"If the trial court's findings of fact are supported by competent evidence, they are conclusive on appeal." In re Weiler, 158 N.C. App. 473, 477, 581 S.E.2d 134, 137 (2003) (citation omitted). The trial court's conclusions of law are subject to de novo review. In re J.J., 180 N.C. App. 344, 346, 637 S.E.2d 258, 260 (2006), aff'd in part and certiorari improvidently allowed in part, 362 N.C. 172, 655 S.E.2d 712 (2008).

III. Findings of Fact
In her sole argument, respondent contends that the trial court erred by failing to make sufficient findings of fact that placement with relatives would be contrary to the child's best interest before placing K.K. with non-relative foster parents. DSS, in its appellee brief, reiterates the same contention. We agree.
N.C. Gen. Stat. § 7B-903 provides, in relevant part:
In placing a juvenile in out-of-home care under this section, the court shall first consider whether a relative of the juvenile is willing and able to provide proper care and supervision of the juvenile in a safe home. If the court finds that the relative is willing and able to provide proper care and supervision in a safe home, then the court shall order placement of the juvenile with the relative unless the court finds that the placement is contrary to the best interests of the juvenile. In placing a juvenile in out-of-home care under this section, the court shall also consider whether it is in the juvenile's best interest to remain in the juvenile's community of residence. Placement of a juvenile with a relative outside of this State must be in accordance with the Interstate Compact on the Placement of Children.
N.C. Gen. Stat. § 7B-903(a)(2)(c) (2007) (emphasis added). The trial court's authority to appoint a guardian in a custody review proceeding is found in N.C. Gen. Stat. § 7B-906(d), which provides that the court "may appoint a guardian of the person for the juvenile pursuant to G.S. 7B-600 or may make any disposition authorized by G.S. 7B-903, including the authority to place the juvenile in the custody of either parent or any relative found by the court to be suitable and found by the court to be in the best interests of the juvenile." N.C. Gen. Stat. § 7B-906(d) (2007).
In In re L.L., 172 N.C. App. 689, 700, 616 S.E.2d 392, 399 (2005), this Court was presented with the issue of whether the juvenile's relatives or non-relative foster parents are to be given priority consideration during review of custody placement when there is a competing interest between each family. In reaching its holding, this Court engaged in statutory construction and held that because the plain language of N.C. Gen. Stat. § 7B-906 incorporated N.C. Gen. Stat. § 703's dispositional alternatives, the trial court was required to give first consideration to placement of a child with the relatives. Id. at 703, 616 S.E.2d 400. This Court further held that before placement with the non-relative foster parents, the trial court was required to enter specific findings of fact explaining why placement with the relatives was not in the best interest of the juvenile. Id. at 704, 616 S.E.2d 401. Because the trial court's order was devoid of such findings, it was reversed and remanded for a new hearing and the trial court was directed "to give first consideration to placement with the [juvenile's relatives]." Id. We hold the reasoning of In re L.L. governs the instant case.
The trial court entered forty-nine findings of fact and ten conclusions of law. Many of the trial court's findings are simply recitations of the evidence and arguments presented to the court. The trial court's findings of fact disclose that K.K. had resided with non-relative foster parents and their four children continuously since September 2007. During this period of time, K.K. bonded with the non-relative foster family. After two unsuccessful placements with other foster parents, K.K. was doing exceptionally well in the loving and supportive environment the current non-relative foster parents provided. The non-relative foster parents were willing to include respondent as an important part of K.K.'s life.
Respondent's maternal uncle and his wife resided in Iowa. An "Interstate Compact for the Placement of Children" ("ICPC") study of their home resulted in a recommendation that K.K. be placed there "if the court believes that it is in the minor child's best interest." These relatives had also adopted K.K.'s four-year-old sibling and their eighteen-year-old half sister.
Respondent expressed her desire that K.K. be placed with his maternal uncle and aunt in Iowa. DSS also recommended that K.K. be placed with these relatives, stating that it "believes that in the long term the minor child will be best served if he is placed with his family members who already have two of his siblings and have demonstrated a willingness to act in the best interests of the respondent mother's children." The guardian ad litem argued that the best interests of the child required placement in guardianship with the non-relative foster parents.
The trial court made the following findings of fact:
34. Both [K.K.'s foster parents] and [relatives] have indicated a willingness to serve as the minor child's guardians. Both are worthy placements of the minor child. The best interest of the minor child is that be [sic] placed in guardianship. There are two placement options and both are excellent placements.
. . .
38. It is in the best interest of the minor child that guardianship of the minor child is hereby granted to the [non-relative foster parents].
The trial court subsequently entered a conclusion of law which stated the equivalent of finding of fact 38. However, the trial court's order does not contain any specific findings of fact explaining why placement with relatives was not in the best interest of K.K. as is required by this Court's holding in In re L.L. K.K.'s guardian ad litem argues that such a determination is implicit within the trial court's finding and conclusion that it was in K.K.'s best interest that guardianship be granted to his non-relative foster parents. However, before this Court will give credence to such a position, a review of the trial court's order must reveal sufficient findings that would support a determination that placement with relatives was not in the best interest of the juvenile.
The only findings of fact that would support such a finding are as follows:
12. . . . Jane Matthews, Early Intervention Service Coordinator with the Children's Developmental Services of Buncombe County, reported in her April 2008 letter that since the minor child has been staying with [non-relative foster parents], he seems to be a completely different child. The minor child is no longer experiencing the severe sensory issues, and he seems attached to the [foster] family. The minor child has made so much progress in the [non-relative foster] home that he no longer receives physical and occupational therapy. . . . The minor child was placed in two foster homes before he was placed with the [current foster] family and those foster care providers were unable to handle the minor child's issues. The first foster mother had trouble calming the minor child. Ms. Matthews reported that moving the minor child to another home at this point in his life would pose a high risk for regression and emotional disorders that would affect the minor child for the rest of his life. Ms. Matthews recommended that [the foster parents] should have the opportunity to adopt the minor child so that he does not have to make any more changes in his young life. The minor child's GAL submitted a copy of Ms. Matthews' letter to the court.
. . .
14. . . . On numerous occasions . . ., [the foster parents] have provided a safe, loving, and temporary home to foster children and then stepped aside as those children were placed in permanent homes. They believe that was the right thing for those children, but they see the situation with the minor child as being very different. They see how much the minor child has bonded with their family and they know that he considers them his father, mother, sisters, and brothers. They think that another move would be a tremendous hardship for the minor child.
(Emphasis added).
The trial court's finding of facts 12 and 14 are merely recitations of the information contained in Ms. Matthews' report and the views expressed at the hearing by the non-relative foster parents regarding K.K.'s ability to withstand another move. This Court has stated that it is permissible for a trial court to describe testimony or other evidence presented, "so long as the court ultimately makes its own findings, resolving any material disputes." In re C.L.C., 171 N.C. App. 438, 446, 615 S.E.2d 704, 708 (2005), aff'd per curiam and disc. review improvidently allowed, 360 N.C. 475, 628 S.E.2d 760 (2006).
In its order, the trial court failed to make any independent findings as to its determination regarding whether placement with relatives would be detrimental to K.K.'s well-being. In the absence of such findings, we hold that the mere recitation of the evidence presented at the permanancy planning hearing is insufficient to support an ultimate finding or conclusion that placement with relatives was not in the best interest of the juvenile. In re Gleisner, 141 N.C. App. at 480, 539 S.E.2d at 365;In re Harton, 156 N.C. App. at 660, 577 S.E.2d at 337.
Before it placed K.K. with non-relative foster parents, the trial court was required to enter specific findings of fact explaining why placement with relatives was not in the best interest of the juvenile. Because the trial court did not make these required findings, we reverse the trial court's order and remand for a new hearing.
REVERSED AND REMANDED.
Judges ELMORE and GEER concur.
Report per Rule 30(e).